## No. 2568

## Second Circuit

## PIDGEON-THOMAS IRON COMPANY v. DREW BROTHERS

(May 7, 1926, Opinion and Decree)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Sales—Par. 299, 300, 304.**

"He who has sold to another any movable property, which is not paid for, has a preference on the price of his property, over the other creditors of the purchaser, whether the sale was made on a credit or without, if the property still remains in the possession of the purchaser. So that although the vendor may have taken a note, bond or other acknowledgment from the buyer, he still enjoys the privilege." (Civil Code, Article 3227.)

Appeal from the Sixth Judicial District Court of Louisiana, Parish of Madison, Hon. F. X. Ransdell, Judge.

Action by Pidgeon-Thomas Iron Company against Drew Brothers. There was judgment for defendants and plaintiff appealed.

Judgment affirmed.

R. K. Boney, of Tallulah, attorney for plaintiff, appellant.

Drew and Drew, of Benton, attorneys for defendants and appellees.

REYNOLDS, J.    This is a concursus proceeding instituted by Drew Brothers in which Pidgeon-Thomas Iron Company, the Louisiana Highway Commission and others were brought into court by legal citation.

The question in this case is as to the claim of the Pidgeon-Thomas Iron Company sold by Pidgeon-Thomas Iron Company to G. S. Thompson and which it claims went into the construction of Project Number 117-B constructed by Drew Brothers under contract with the Louisiana Highway Commission.

The district judge who tried the case, in a well considered written opinion, said of the claim:

"The claim of the Pidgeon-Thomas Iron Company is disallowed for the reasons that the evidence shows that G. S. Thompson, the man who purchased the iron in question from Pidgeon-Thomas Iron Company, was not a sub-contractor of Drew Brothers, that Thompson sold this iron to one of Drew Brothers, sub-contractors, and was paid for it in cash, and that there was no contractual relationship or privity of action between these parties."

This is a finding of fact on the part of the trial court, and after reading all of the evidence in the case we are convinced that the finding is abundantly established by the evidence.

Inasmuch as neither Drew Brothers nor any sub-contractor of theirs on Project Number 117-B purchased any material from Pidgeon-Thomas Iron Company, of course the company can have no claim on them or privilege on the contract price of the work for the price of material sold by that company to G. S. Thompson and bought by Drew Brothers from him in good faith and for cash, even though the material went into the construction of Project Number 117-B and the Pidgeon-Thomas Company has not been paid therefor by G. S. Thompson.

As long as the material continued to belong to G. S. Thompson the Pidgeon-Thomas Iron Company had a right of privilege on it for the unpaid price; and had G. S. Thompson been a sub-contractor of Drew Brothers and the material had gone into the construction of Project Number 117-B and Pidgeon-Thomas Iron Company had duly recorded their claim for a privilege on the work to secure the payment of the price, the situation would be different; but when G. S. Thompson sold the material in good faith to Drew Brothers for cash, Pidgeon-Thomas Iron Company lost whatever claim of privilege it may have had on the material for the price.

Civil Code, Article 3227.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed.